SIDONIE JACQUINET *vs.* WOONSOCKET SPINNING Co.

APRIL 27, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is a petition brought under the provisions of the Workmen's Compensation Act, Chapter 92, General Laws 1923, wherein the petitioner claims compensation by reason of her husband's death allegedly resulting from an injury received while in the employ of the respondent. The cause is here on petitioner's appeal from a decree of the Superior Court dismissing the petition.

It appeared in evidence that on July 5, 1928, Leopold Jacquinet assisted other employees of respondent in performing certain work which required considerable exertion on his part. Immediately afterward he complained that he had hurt his side and later reported that he had a rupture. He ceased work that day but returned the next day and remained in respondent's employ until his operation nearly a year later. On July 12, 1928, one week after the alleged injury, he consulted a doctor who had been treating him for a hydrocele on the left side and who now upon examination found on the same side an enlarged ring or potential hernia and on the right side an inguinal hernia. It was neither the hydrocele nor the potential left hernia, but the right inguinal hernia which it was claimed resulted from said injury. On June 11, 1929, Jacquinet was operated upon for both the left and right hernias and the hydrocele, and his appendix was removed, these operations requiring incisions on both the left and right sides. On June 28, 1929, he died of what is known as post-operative embolism.

It appears that an embolism is the stopping of circulation in a blood vessel by an embolus, or blood clot. When blood vessels severed during an operation are tied up, there remains a small sac which, having no through current, fills with blood clot before decomposing. If such clot or embolus courses through the blood stream, lodging in the brain, heart or other vital organ, and arrests the normal action thereof, it often causes death. As such embolism develops

from an operation it is obvious that the possibility of such a development is doubled when, as in the instant case, there are two incisions.

A medical witness produced by petitioner testified that it was impossible except by post-mortem examination to determine whether the embolism was caused by the left or right incision. Contradicting this testimony, a witness for respondent, a pathologist in charge of the post-mortem work at the Rhode Island Hospital, testified that "if there were on one side or the other swelling of the leg, showing that there was an obstruction of the blood stream on that side, we would know that the embolus came from that side." The Woonsocket Hospital records, thereafterwards produced, disclosed the fact that on June 22, the day before his death, Jacquinet's left leg was hot and swollen.

The burden of proving that death was caused as the result of the operation for the right hernia was on petitioner. *Gorral* v. *Hamlyn & Son,* 38 R. I. 249; *Desrochers* v. *Atwood-Crawford Co.,* 47 R. I. 116. Petitioner failed to sustain this burden and the testimony of the pathologist leads with great force to the conclusion that the embolism was caused by the operation on the left side. The trial justice found, upon evidence which fully supports such finding, that the petitioner had not proved the causal connection between the accident of July 5, 1928, and the death on June 28, 1929. In the absence of fraud, this finding upon the facts adduced is conclusive. *Jillson* v. *Ross,* 38 R. I. 145; Art. III, Sec. 6, Ch. 92, G. L. 1923 as amended by Ch. 1207, P. L. 1928.

The appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Fergus J. McOsker, Adonat J. Demers,* for petitioner.
*McGovern & Slattery, Fred B. Perkins,* for respondent.